Christopher R. Houk, State Bar No. 020843
**HOUK LAW FIRM, PLLC**
1850 N. Central Ave., Ste. 2010
Phoenix, AZ 85004
Telephone: 480.569.2377
Facsimile:  480.569.2379
chouk@houklawfirm.com
jjansch@houklawfirm.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karen Acosta, an individual, | Case No: |
| Plaintiff, | **CIVIL COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| Detox Center Enterprises, LLC, doing business as Scottsdale Detox Center, an Arizona Limited Liability Company; Rehab Partners, LLC, now known as AZ Healthcare Investors, LLC, an Arizona Limited Liability Company; The Hope House Holdings, LLC, a foreign Limited Liability Company; Scottsdale Modern Detox, LLC, a foreign Limited Liability Company; Vern Haugen and Jane Doe Haugen, husband and wife; John Doe Owner; John and Jane Does; ABC Corporations I-X, | |
| Defendants. | |

Plaintiff Karen Acosta, by and through Christopher R. Houk, her undersigned attorney of record, submits this Complaint for relief against Defendants and Jury Trial Demand pursuant to Federal Rules of Civil Procedure (FRCP), Rules 3, 7(a)(1), 8(a), 38(a, b), and 39(a). Defendants (1) failed to pay Karen overtime wages in violation of the Fair Labor Standards Act of 1938 (FLSA); (2) retaliated against Karen for having complained of FLSA violations by terminating her employment; (3) failed to pay Karen wages in violation of Arizona's  Wage

Statute, A.R.S. § 23-355, by forcing her to work without pay; (4) retaliated against Karen for complaining about withholding wages, in violation of the Arizona Employment Protection Act; and (5) breached its contract and implied covenant of good faith and fair dealing with Karen by refusing to allow her to work an agreed-upon schedule.

## Jurisdiction and Venue

1.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this is a civil action under the laws of the United States, namely FLSA.

2.      This Court has supplemental subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.      This Court has personal jurisdiction over Defendants because each regularly transacts business in, has significant and continuous contact with, and is domiciled in the State of Arizona.

4.      Venue is proper under 28 U.S.C. § 1391(b). At least one Defendant resides in this District and all Defendants reside in the State of Arizona, where this District is located. Moreover, all the acts or omissions giving rise to the claims asserted herein occurred in this District.

## Parties

5.      At all relevant times to this Complaint, Plaintiff Karen Acosta,

   a.  is a citizen and resident of Maricopa County, Arizona; and

   b.  was employed by Defendants as defined in 29 U.S.C. § 203(e)(1), 2000e-2(f) and as used in 29 U.S.C. § 207(a), 2000e-2(a).

6.      At all relevant times to this Complaint, Defendant Detox Center Enterprises, LLC:

HOUK LAW FIRM, PLLC
1850 N. Central Ave., Ste. 2010, Phoenix, AZ 85004
Telephone: 480.569.2377 - Fax: 480.569.2379

HOUK LAW FIRM, PLLC
1850 N. Central Ave., Ste. 2010, Phoenix, AZ 85004
Telephone: 480.569.2377 - Fax:  480.569.2379

   a. Is owned and operated as follows:

       i. Detox Center Enterprises, LLC is formerly known as Scottsdale Detox Center of Arizona, LLC, doing business as Scottsdale Detox Center and Scottsdale Detox, and registered with the Arizona Corporation Commission.

       ii. Upon information and belief, Detox Center Enterprises, LLC sold or transferred ownership to Defendant Rehab Partners, LLC doing business as Scottsdale Detox located at 7283 E. Earll Drive, Building B, Scottsdale, AZ 85251;

   b. Karen was employed by and worked for Defendants at 7283 E. Earll Drive, Building B, Scottsdale, AZ 85251 from April 2019 to February 2023;

   c. Was the entity that paid Karen;

   d. Was Karen's "employer" as that term is defined in 29 U.S.C. § 203(d), 2000e(b) and used in 29 U.S.C. §§ 207(a), 2000e-2(a);

7. At all relevant times to this Complaint, Defendant Rehab Partners, LLC now known as AZ Healthcare Investors, LLC (hereinafter "Defendant Rehab Partners"):

   a. Is owned and operated as follows:

       i. Defendant Rehab Partners on July 28, 2023 changed its name to AZ Healthcare Investors, LLC, was doing business as Scottsdale Detox, and registered with the Arizona Corporation Commission.

       ii. Also known as Scottsdale Detox Center of Arizona and Scottsdale Detox Center located at 7283 E. Earll Drive, Building B, Scottsdale, AZ 85251.

HOUK LAW FIRM, PLLC
1850 N. Central Ave., Ste. 2010, Phoenix, AZ 85004
Telephone: 480.569.2377 - Fax: 480.569.2379

iii.  Upon information and belief, sometime in 2023 Rehab Partners sold Scottsdale Detox to Defendant Scottsdale Modern Detox, LLC and The Hope House Holdings, LLC doing business as Scottsdale Detox located at 7283 E. Earll Drive, Building B, Scottsdale, AZ 85251;

b.  Karen was employed by and worked for Defendants at 7283 E. Earll Drive, Building B, Scottsdale, AZ 85251 from April 2019 to February 2023;

c.  Was the entity that paid Karen;

d.  Was Karen's "employer" as that term is defined in 29 U.S.C. § 203(d), 2000e(b) and used in 29 U.S.C. §§ 207(a), 2000e-2(a);

8.  At all relevant times to this Complaint, Defendant The Hope House Holdings, LLC:

a.  Is owned and operated as follows:

i.  The Hope House Holdings, LLC owns and is doing business in the State of Arizona as The Hope House and Scottsdale Detox a foreign limited liability company.

ii.  Formerly known as Scottsdale Detox Center of Arizona and Scottsdale Detox Center. The acquisition of Scottsdale Detox, Scottdale Detox Center of Arizona, and Scottdale Detox Center (Scottdale Detox entities) by The Hope House Holdings LLC did not result in any material differences in the continuity of care provided by the entities, the location of the services remained the same, the workers essentially remained the same, notice to The Hope House Holdings LLC of the unlawful conduct alleged in this Complaint

occurred, and the ability of the Scottsdale Detox entities to provide adequate relief is not likely in part because the Hope House is not able to provide prospective relief to prevent unlawful acts in the future.

b.  Karen was employed and worked for Defendants at 7283 E. Earll Drive, Building B, Scottsdale, Arizona  85251 from April 2019 to February 2023;

c.  Was the entity that paid Karen;

d.  Was Karen's "employer" as the term is defined in U.S.C. § 203(d), 2000e(b) and used in 29 U.S.C. §§ 207(a), 2000e-2(a);

9.  At all relevant times to this Complaint, Defendant Scottsdale Modern Detox, LLC:

    a.  Is owned and operated as follows:

        i.  Defendant Scottsdale Modern Detox, LLC owned and doing business in the State of Arizona as The Hope House and Scottsdale Detox, and registered as a foreign limited liability company with the Arizona Corporation Commission.

    b.  Karen was employed and worked for Defendants located at 7283 E. Earll Drive, Building B, Scottsdale, Arizona  85251 from April 2019 to February 2023;

    c.  Was the entity that paid Karen;

    d.  Was Karen's "employer" as the term is defined in U.S.C. § 203(d), 2000e(b) and used in 29 U.S.C. §§ 207(a), 2000e-2(a);

10.  At all relevant times to this Complaint, Defendant Vern Haugen is, and has been,

    a.  An individual residing in Maricopa County, Arizona;

HOUK LAW FIRM, PLLC
1850 N. Central Ave., Ste. 2010, Phoenix, AZ 85004
Telephone: 480.569.2377 - Fax:  480.569.2379

HOUK LAW FIRM, PLLC
1850 N. Central Ave., Ste. 2010, Phoenix, AZ 85004
Telephone: 480.569.2377 - Fax: 480.569.2379

b. Upon information and belief, lawfully married to Defendant Jane Doe Haugen, whose name will be amended upon learning of her identity, acting on behalf of their marital community;

c. Upon information and belief, was the owner/manager of Defendant Rehab Partners doing business as Scottsdale Detox Center and Scottsdale Detox and has maintained control, oversight, and direction over Scottsdale Detox operations and employment practices as well as the control, oversight and direction of and exercised operational control of Scottsdale Detox and was directly and/or indirectly acting in the interests of Scottsdale Detox in relation to Plaintiff Karen Acosta until the sale of Scottsdale Detox to Defendant Scottsdale Modern Detox, LLC and The Hope House Holdings, LLC;

d. Karen's "employer" as that term is defined in 29 U.S.C. § 203(d) and used in 29 U.S.C. § 207(a); and

e. As the owner/manager of Rehab Partners, LLC now known as AZ HealthCare Investors, LLC and Scottsdale Detox, acting on its behalf in having final authority to approve Karen's paystubs withholding wages and approve management's refusal to allow Karen to work Wednesdays.

11.    John Doe Owner; John and Jane Does; ABC Corporations I-X are fictitiously identified Defendants whose true names and legal capacities are presently unknown but who are believed to have engaged in one or more of the acts or omissions set forth herein or are otherwise legally obligated to Plaintiff Karen Acosta for some or all of the damages claimed herein.  Leave of the Court is requested to substitute the true names of such Defendants when discovered.

12.     At all times relevant, each named Defendant was separately and jointly an "employer" of Plaintiff within the meaning of 29 U.S.C. § 203(d) and used in 29 U.S.C. § 207(a); A.R.S. § 23-350(3).

### Demand for Jury Trial

13.     Karen demands a trial by jury, pursuant to the Seventh Amendment of the United States Constitution and the Federal Rules of Procedure 38(b) and 39(a).

### Fact Allegations in Support of All Counts

14.     Before Karen began working for Scottsdale Detox Center of Arizona (hereinafter "Scottsdale Detox"), she had a long and successful career in the medical industry since 1995 and has been a Registered Nurse (RN) since 2011.

15.     At all relevant times, Defendants Rehab Partners were the alter ego of Defendant Haugen in that there was a unity of control between the Defendants such that no separation between them existed, rendering the observance of the corporate form an injustice. Rehab Partners has not made any corporate filings since incorporation in 2018 except for its Articles of Organization and Articles of Amendment. Upon information and belief, Rehab Partners does not maintain corporate minutes, resolutions, or operating agreements.

16.     At all relevant times, Defendant Rehab Partners failed to adhere to the usual corporate formalities in one or more of the following ways:

   a.   Defendant Haugen is the member/manager of Defendant Rehab Partners. And all of Defendant Rehab Partners' operations as described in paragraph 10 above.

HOUK LAW FIRM, PLLC
1850 N. Central Ave., Ste. 2010, Phoenix, AZ 85004
Telephone: 480.569.2377 - Fax: 480.569.2379

HOUK LAW FIRM, PLLC
1850 N. Central Ave., Ste. 2010, Phoenix, AZ 85004
Telephone: 480.569.2377 - Fax:  480.569.2379

b.   Defendant Rehab Partners has not made any corporate filings in the five years since incorporation, other than its Articles of Organization and four Articles of Amendment.

c.   Defendant Rehab Partners has never issued member certificates.

d.   Upon information and belief, Defendant Rehab Partners does not maintain any corporate minutes, resolutions, or operating agreements.

e.   Upon information and belief, Defendant Rehab Partners is owned and managed by Defendant Vern Haugen.

17.   Karen began working at Scottsdale Detox in April 2019 full-time as an RN but in 2021 she began working as a per diem (as needed) RN for Scottsdale Detox.

18.   Karen was never reprimanded nor otherwise disciplined at Scottsdale Detox until she began complaining of workplace violations as described below.

19.   Around July 2022, Scottsdale Detox enticed Karen back to full time by verbally negotiating the following offer with her: a specific, set schedule of working Sunday through Wednesday. Karen agreed to this offer.

20.   Relying on this agreement, Karen

a.   quit her other job, where she had the same Sunday through Wednesday guaranteed schedule, and

b.   did not seek other employment.

21.   Around August 2, 2022, Karen signed her acceptance of the offer from Scottsdale Detox in a written agreement, which had the following terms:

a.   that she would receive a promotion to an RN earning $40 per hour as an hourly employee,

b. that she would work Sunday through Wednesday, totaling 48 hours per week, and

c. that all shifts would have a ½ hour lunch break deducted automatically after 8 hours of work.

22. But when she began this new position and schedule, Scottsdale Detox forced Karen to work through her lunch break every shift. Scottsdale Detox did not pay for Karen working through lunch but instead deducted 30 minutes each day out of her pay (every single pay period) until her termination.

23. It was Scottsdale Detox's policy that RNs and others could not leave the unit at any time during their entire 12.5-hour shift.

24. In fall or winter 2022, Karen noticed that she was being forced to work through lunch every shift without being paid for it.

25. In January 2023, Karen discussed the unpaid wage issue with her coworkers, including three other RNs and a Behavioral Health Therapist. Neither of the four coworkers were aware they had the right to be paid for the lunch break they were expected to work without pay.

26. Just days later on February 6, 2023, Karen's immediate supervisor Melanie French retaliated against Karen by breaching the employment agreement and claiming Karen would not be working any Wednesdays any longer. French claimed that this was necessary due to the sale of the company, which had never happened while Karen was employed there.

27. Not working Wednesdays meant Karen went from her contracted 48 hours to 36 hours per week, losing out on $500 per week for the missing 12.5-hour shift.

HOUK LAW FIRM, PLLC
1850 N. Central Ave., Ste. 2010, Phoenix, AZ 85004
Telephone: 480.569.2377 - Fax: 480.569.2379

HOUK LAW FIRM, PLLC
1850 N. Central Ave., Ste. 2010, Phoenix, AZ 85004
Telephone: 480.569.2377 -  Fax:  480.569.2379

28.     Karen was never allowed to go back to her agreed-upon schedule of Sunday through Wednesday.

29.     On February 13, 2023, Karen made the following complaints to French:

   a.   complained that working Wednesdays was part of her agreement with Scottsdale Detox. French simply stated that it was "out of my control" and did nothing to correct this issue.

   b.   She complained that she and other staff were not being paid for having to work through lunch. French angrily responded that no staff "challenged" her on this, that this is Scottsdale Detox's policy, and that she would continue deducting 30 minutes from Karen's pay despite being expected to work through lunch. Karen never heard anything more on this issue from French before she was terminated.

30.     Having not received any solution from French, on February 17, 2023, Karen complained to Director of Operations Patty Craig, who handled HR issues, about being forced to work through lunch without pay. Patty responded,

   a.   that she couldn't speak to Karen about the wage withholding "because of their friendship,"

   b.   that Karen was threatening the company by bringing forth the issue of wage withholding, and

   c.   by manipulating Karen when she said that a lot of employees depend on the company for their livelihood.

31.     Patty did nothing to correct the wage issue, and the practices and policies of Scottsdale Detox remained in place.

32. Just a week later on February 22, 2023, Karen was terminated.

33. French told Karen that the decision to terminate her was made in mid-January 2023—when Karen was raising unpaid wage issues with her coworkers.

34. French claimed Karen was allegedly terminated for four performance issues. The following alleged performance issues were cited, which are misleading or untrue, trivial, and were not typically causes for termination in the medical industry,

   a. Five months before, Karen allegedly did not properly document subutex, a medication that reduces drug cravings. However, this is misleading. Karen *did* document the medication on paper but not electronically. French sent a text message to Karen about it at the time. Karen immediately took responsibility, apologizing and explaining that she became distracted by caring for the patient who was in crisis. French responded, "no worries" and Karen never heard anything more on this issue until her termination.

   b. Karen allegedly did not properly document that an anti-anxiety medicine, clonazepam, was ordered for the patient. However, this is misleading and untrue. The doctor on site hadn't approved the order until after 6:00 am and later that morning, Karen *did* enter the order. Moreover, the patient wasn't actually given the clonazepam and was ultimately given valium instead because both valium and clonazepam are benzodiazepine medications used on "as needed" bases. Karen's actions brought no harm to the patient. Karen didn't receive any verbal or written warning until her termination, and Karen's action was not a terminable offense.

HOUK LAW FIRM, PLLC
1850 N. Central Ave., Ste. 2010, Phoenix, AZ 85004
Telephone: 480.569.2377 - Fax: 480.569.2379

HOUK LAW FIRM, PLLC
1850 N. Central Ave., Ste. 2010, Phoenix, AZ 85004
Telephone: 480.569.2377 - Fax: 480.569.2379

c.  Karen allegedly did not properly document the administration of a blood-pressure medicine. However, this is untrue. She *did* document the administration of this medicine as a "late entry," which is an acceptable method of documentation in the nursing industry during hectic situations when a nurse has no chance to record medication on the spot. She never previously received any warning or indication about this until termination.

d.  Karen was allegedly off by one valium pill during a medication count. This is misleading. During that incident, there was an extra valium pill, but French signed off on Karen's medication count. Karen never previously received any warning or indication about this until termination.

35.  French herself made more egregious medical errors. For example, French gave a patient incorrect medicine that was that patient's father's medicine for a different illness. This type of mistake could have cost lives. The allegations against Karen, by comparison, were not life-threatening actions.

36.  Karen estimates that due to Scottsdale Detox's actions, she was underpaid in the amount of not less than $3,240.00 of overtime calculated as follows,

- From about August 2, 2022 to February 5, 2023, Defendants failed to pay Karen about 54 hours of overtime pay (or 2 hours per week for a total of 27 weeks) at an overtime rate of pay of $60.00/hour. This amounts to $3,240.00.

37.  From February 6, 2023 until February 31, 2023, Karen was denied a total of 90 hours without pay due to Scottsdale Detox breaching the contracted schedule (12 hours per week for three weeks) at a regular rate of $40 per hour. This amounts to $3,600.00.

38.  As a result of the forgoing breach and violations, Karen has been damaged.

HOUK LAW FIRM, PLLC
1850 N. Central Ave., Ste. 2010, Phoenix, AZ 85004
Telephone: 480.569.2377 -  Fax:  480.569.2379

## Count I
### Failure to Pay Overtime Hours - FLSA
### 29 U.S.C. § 207 (a), (e) and § 203(e)(1), (g)
### (Against all Defendants)

39.     Karen realleges and incorporates all allegations in all preceding paragraphs as if fully set forth in this claim.

40.     Defendants violated 29 U.S.C. § 207 (a) by not paying Karen for overtime hours worked over 40 hours per workweek that she worked through lunch.

41.     Karen was required to work overtime hours on the Scottsdale Detox premises while on duty.

42.     Defendants' conduct was willful.

43.     Karen has consented to be a party in writing, pursuant to 29 U.S.C. § 216(b).

44.     At all relevant times, Karen was a non-exempt employee covered under FLSA pursuant to 29 U.S.C. § 207 (e) and 29 U.S.C. § 203(e)(1), (g).

45.     At all relevant times, Defendants were Karen's employers covered under FLSA pursuant to 29 U.S.C. § 201, *et seq*.

46.     Defendant Vern Haugen and his alter ego, Defendant Rehab Partners, are jointly and severally liable for failing to pay Karen overtime wages pursuant to 29 U.S.C. §§ 207 and 203 because he had control over the nature and structure of the employment relationship. Alternatively, due to the failure of Defendants to adhere to corporate formalities as alleged, there is sufficient factual and legal basis to pierce the corporate veil of Defendant Rehab Partners to hold Defendant Vern Haugen vicariously liable for all amounts due to Karen as alleged.

**HOUK LAW FIRM, PLLC**
1850 N. Central Ave., Ste. 2010, Phoenix, AZ 85004
Telephone: 480.569.2377 - Fax: 480.569.2379

47.     Pursuant to 29 U.S.C. § 260 and U.S.C. § 216(d), Karen is entitled to the unpaid overtime compensation and an additional equal amount in liquidated damages because Defendants did not act in good faith and do not have any objectively reasonable grounds for failing to pay Karen for all overtime hours.

48.     Karen is entitled to lost wages under FLSA pursuant to 29 U.S.C. § 216(b).

49.     Karen is entitled to emotional distress damages.

50.     Karen is entitled to recover her attorneys' fees incurred herein pursuant to 29 U.S.C. § 216(b).

**Count II**
**Retaliation for Complaining of FLSA Violations**
**29 U.S.C. § 215(a)(3)**
**(Against all defendants)**

51.     Karen realleges and incorporates all allegations in all preceding paragraphs as if fully set forth in this claim.

52.     When Karen spoke to management and HR about her and her coworkers' unpaid overtime hours, she made a complaint of FLSA violations, pursuant to 29 U.S.C. § 215(a)(3), because her complaint was sufficiently clear and detailed for a reasonable employer to understand, in both content and context, as an assertion of rights protected by the statute and a call for their protection.

53.     Defendants violated FLSA by discharging Karen because she complained of FLSA violations, pursuant to 29 U.S.C. § 215(a)(3).

54.     Karen was statutorily protected under FLSA's anti-retaliation provision, 29 USC § 215(a)(3), to make the complaints.

55. Karen suffered an adverse employment action as the result of the retaliation when she was terminated for having complained of FLSA violations.

56. A causal link exists between Karen's conduct and the adverse employment action.

57. Defendants' conduct was willful.

58. At all relevant times, Karen was a non-exempt employee covered under FLSA pursuant to 29 U.S.C. § 207 (e) and 29 U.S.C. § 203(e)(1), (g).

59. At all relevant times, Defendants were Karen's employers covered under FLSA pursuant to 29 U.S.C. § 201, *et seq.*

60. Defendant Vern Haugen and his alter ego, Defendant Rehab Partners, are jointly and severally liable for violating FLSA. Alternatively, due to the failure of Defendants to adhere to corporate formalities as alleged, there is sufficient and factual and legal basis to pierce the corporate veil of Defendant Rehab Partners to hold Defendant Vern Haugen vicariously liable for all amounts due Karen as alleged.

61. Pursuant to 29 U.S.C. § 260 and U.S.C. § 216(d), Karen is entitled to the unpaid overtime compensation and an additional equal amount in liquidated damages because Defendants did not act in good faith and do not have any objectively reasonable grounds for failing to pay Karen for all overtime hours.

62. Karen is entitled to lost wages under FLSA pursuant to 29 U.S.C. § 216(b).

63. Karen is entitled to emotional distress damages.

64. Karen is entitled to recover her attorneys' fees incurred herein pursuant to 29 U.S.C. § 216(b).

### Count III
**Failure to Pay Wages**
**Arizona's  Wage Statute, A.R.S. § 23-355**

HOUK LAW FIRM, PLLC
1850 N. Central Ave., Ste. 2010, Phoenix, AZ 85004
Telephone: 480.569.2377 -  Fax:  480.569.2379

**(Against All Defendants)**

65.    Karen realleges and incorporates all allegations in all preceding paragraphs as if fully set forth in this claim.

66.    Defendants violated Karen's rights under Arizona's Wage Statute A.R.S. § 23-355 by requiring Karen to work through lunch without pay and not paying her wages due to her when it reduced her hours.

67.    Defendants acted in bad faith to pay Karen what she is owed. Karen brought the issue up two times to management and HR, only to be terminated a week after without Defendants taking any steps to rectify the failure to pay her.

68.    There is no reasonable good faith dispute as to the amount owed to Karen.

69.    A.R.S. § 23-355(A) establishes that when an employer fails to pay wages due to an employee, that employee may recover an amount that is treble the amount of unpaid wages.

70.    Karen had a reasonable expectation of the payment of her hours worked in a timely manner pursuant to A.R.S. § 23-353.

71.    This action is proper and Karen is entitled to payment for the time that was worked and three times the amount of the unpaid compensation pursuant to A.R.S. § 23-355.

72.    Defendant Rehab Partners, as the alter ego of Defendant Vern Haugen, failed to timely pay Plaintiff for all wages due as required by A.R.S. § 23-355 and is liable to Karen, along with the other Defendants, for the failure to pay wages because he had control over the employment relationship with her.

73.    As a result of Defendants' violations of the A.R.S. § 23-355, Karen is entitled to recover all unpaid wages from Defendants, who are jointly and severally liable, along with

HOUK LAW FIRM, PLLC
1850 N. Central Ave., Ste. 2010, Phoenix, AZ 85004
Telephone: 480.569.2377 - Fax: 480.569.2379

prejudgment interest thereon, and treble the amount of such wages, together with reasonable attorneys' fees and costs, pursuant to A.R.S. § 23-355.

74.     Alternatively, due to the failure of Defendants Rehab Partners and Vern Haugen to adhere to corporate formalities as alleged, there is sufficient factual and legal basis to pierce the corporate vail of Defendant Rehab Partners to hold Defendant Vern Haugen vicariously liable for all amounts due to Karen.

### Count IV
**Retaliation for Complaining About Wage Withholding**
**AEPA, A.R.S. § 23-1501**
**(Against All Defendants)**

75.     Karen realleges and incorporates all allegations in all preceding paragraphs as if fully set forth in this claim.

76.     Karen complained to management and HR about Defendant's violation of Arizona's Wage Statute when Defendants did not pay Karen and other employees for overtime or the wages for the reduction of hours in breach of Karen's contract with Defendants.

77.     Defendants violated the AEPA by terminating Karen because of and just five days after complaining about wage withholding in violation of the Wage Statute.

78.     The AEPA, under A.R.S. 23-1501(A)(3)(c)(ii), makes it unlawful for an employer to discharge an employee for the disclosure by the employee in a reasonable manner that the employee has information or a reasonable belief that the employer, or an employee of the employer, has violated the Constitution of Arizona or its statutes.

79.     Defendant Vern Haugen and his alter ego, Defendant Rehab Partners, are jointly and severally liable to Karen, along with the other Defendants for violating the AEPA. Alternatively, due to the failure of Defendants to adhere to corporate formalities as alleged,

HOUK LAW FIRM, PLLC
1850 N. Central Ave., Ste. 2010, Phoenix, AZ 85004
Telephone: 480.569.2377 - Fax: 480.569.2379

there is sufficient and factual and legal basis to pierce the corporate veil of Defendant Rehab Partners to hold Defendant Vern Haugen vicariously liable for all amounts due Karen as alleged.

80.    Defendants actually and proximately caused damages to Plaintiff. Plaintiff suffered damages both already incurred and also reasonably likely to incur in the future, including lost earnings and benefits, decrease in earning power or capacity, pain, discomfort, suffering, anxiety, and  harm to reputation in an amount to be proven at trial.

81.    Defendants intended to harm Karen or consciously disregarded the unjustifiably substantial risk of significant harm to Karen.

82.    Plaintiff is entitled to relief based upon A.R.S. § 23-1501(A)(3)(c)(ii).

<u>**Count V**</u>
**Breach of Contract**
**(Against All Defendants)**

83.    Karen realleges and incorporates all allegations in all preceding paragraphs as if fully set forth in this claim.

84.    Karen and Defendants entered into an oral agreement in July 2022 whereby Karen would switch from working per diem to full time at Scottsdale Detox, which included a specific set scheduled of working Saturday through Wednesday each week totaling 48 hours.

85.    Relying on the verbal agreement, Karen quit another job that had a Sunday through Wednesday schedule and did not seek other employment.

86.    Karen began working in July 2022 under the terms of the agreement.

87.    On August 2, 2022, the parties confirmed their agreement in writing, including that Karen would receive the promotion to RN earning $40 per hour, that she would work Sunday through Wednesday each week, and that she would be required to take a 30-minute lunch break each day without pay.

HOUK LAW FIRM, PLLC
1850 N. Central Ave., Ste. 2010, Phoenix, AZ 85004
Telephone: 480.569.2377 -  Fax:  480.569.2379

88.     Immediately upon starting employment under the terms of the contract, Defendants breached the agreement by forcing Karen to work through lunch but refused to pay her.

89.     On February 6, 2023, Defendants breached the contract again when Karen's manager began forcing her to take Wednesdays off, in violation of the agreement, after Karen spoke to her coworkers about being forced to work through lunch unpaid.

90.     As a result of not being allowed to work Wednesdays, Karen lost 12 hours of work each week.

91.     At all times relevant, the Employment Agreement between Karen and Defendants as described herein was a binding and enforceable contract. The parties' agreement was an express contract, an actual agreement reached by parties who have openly uttered or declared the terms thereof at the time of making the agreement, either orally or in writing.

92.     Defendants breached the agreement by forcing Karen to work through lunch without pay by prohibiting Karen from working on Wednesdays and by reducing her hours from 48 hours per week to 36 hours per week.

93.     As a result of Defendants' failure to fulfill their promise of the employment conditions of the Sunday through Wednesday schedule, Karen suffered damages.

94.     As a result of Defendants failure to fulfill their promise of the employment conditions of a 30-minute unpaid lunch break, Karen suffered damages.

95.     Karen is entitled to breach of contract damages and treble damages pursuant to A.R.S. §§ 23-355(A), 350.

96.     As a result of the foregoing acts and omissions as alleged herein, including *inter alia* Defendants' failure to pay all wages to Plaintiff as promised and fulfill the conditions of

HOUK LAW FIRM, PLLC
1850 N. Central Ave., Ste. 2010, Phoenix, AZ 85004
Telephone: 480.569.2377 – Fax: 480.569.2379

HOUK LAW FIRM, PLLC
1850 N. Central Ave., Ste. 2010, Phoenix, AZ 85004
Telephone: 480.569.2377 - Fax: 480.569.2379

employment pursuant to the employment agreement, Defendant Vern Haugen and his alter ego, Rehab Partners, are jointly and severally liable along with the other defendants for breach of the terms and conditions of the employment agreement.  Alternatively, due to the failure of Defendants Vern Haugen and Rehab Partners to adhere to corporate formalities as alleged, there is sufficient factual and legal basis to pierce the corporate vial of Defendant Rehab Partners to hold Defendant Vern Haugen vicariously liable for all amount due Plaintiff as alleged.

97.     As a direct, proximate, and foreseeable result of Defendants' breach of contract, Karen was compelled to incur attorney's fees, court costs, other consequential damages, prejudgment interest pursuant to A.R.S. § 44-1201, other expenses, and attorneys' fees and costs pursuant to A.R.S. § 12-341.01.

### Count VI
### Breach of Implied Covenant of Good Faith and Fair Dealing
### (Against All Defendants)

98.     Karen realleges and incorporates all allegations in all preceding paragraphs as if fully set forth in this claim.

99.     Karen and Defendants entered into an oral agreement in July 2022 whereby Karen would switch from working per diem to full time at Scottsdale Detox, which included a specific set scheduled of working Saturday through Wednesday each week totaling 48 hours.

100.    Relying on the verbal agreement, Karen quit another job that had a Sunday through Wednesday schedule and did not seek other employment.

101.    Karen began working in July 2022 under the terms of the agreement.

102.    On August 2, 2022, the parties confirmed their agreement in writing, including that Karen would receive the promotion to RN earning $40 per hour, that she would work

HOUK LAW FIRM, PLLC
1850 N. Central Ave., Ste. 2010, Phoenix, AZ 85004
Telephone: 480.569.2377 - Fax: 480.569.2379

Sunday through Wednesday each week, and that she would be required to take a 30-minute lunch break each day without pay.

103.    Immediately upon starting employment under the terms of the contract, Defendants breached the agreement by forcing Karen to work through lunch but refused to pay her.

104.    On February 6, 2023, Defendants breached the contract again when Karen's manager began forcing her to take Wednesdays off, in violation of the agreement, after Karen spoke to her coworkers about being forced to work through lunch unpaid.

105.    As a result of not being allowed to work Wednesdays, Karen lost 12 hours of work each week.

106.    At all times relevant, the Employment Agreement between Karen and Defendants as described herein was a binding and enforceable contract.  The parties' agreement was an express contract, an actual agreement reached by parties who have openly uttered or declared the terms thereof at the time of making the agreement, either orally or in writing.

107.    Under the Restatement Second of Contracts § 205, the covenant of good faith and fair dealing is implied in this employment agreement between the parties and Karen's rights to receive the benefits of the agreement are protected.

108.    Defendants breached the agreement by forcing Karen to work through lunch without pay by prohibiting Karen from working on Wednesdays and by reducing her hours from 48 hours per week to 36 hours per week.

109.    Defendants' actions breached the implied covenant of good faith and fair dealing implicit in the contract.

HOUK LAW FIRM, PLLC
1850 N. Central Ave., Ste. 2010, Phoenix, AZ 85004
Telephone: 480.569.2377 – Fax: 480.569.2379

110.    As a result of Defendants' failure to fulfill their promise of the employment conditions of the Sunday through Wednesday schedule, Karen suffered damages.

111.    As a result of Defendants failure to fulfill their promise of the employment conditions of a 30-minute unpaid lunch break, Karen suffered damages.

112.    Karen is entitled to breach of contract damages and treble damages pursuant to A.R.S. §§ 23-355(A), 350.

113.    As a result of the foregoing acts and omissions as alleged herein, including *inter alia* Defendants' failure to pay all wages to Plaintiff as promised and fulfill the conditions of employment pursuant to the employment agreement, Defendant Vern Haugen and his alter ego, Rehab Partners, are jointly and severally liable along with the other defendants for breach of the terms and conditions of the employment agreement.  Alternatively, due to the failure of Defendants Vern Haugen and Rehab Partners to adhere to corporate formalities as alleged, there is sufficient factual and legal basis to pierce the corporate vial of Defendant Rehab Partners to hold Defendant Vern Haugen vicariously liable for all amount due Plaintiff as alleged.

114.    As a direct, proximate, and foreseeable result of Defendants' breach of contract, Karen was compelled to incur attorney's fees, court costs, other consequential damages, prejudgment interest pursuant to A.R.S. § 44-1201, other expenses, and attorneys' fees and costs pursuant to A.R.S. § 12-341.01.

WHEREFORE, Karen requests Judgment against Defendants as follows:

A.    Declare that Defendant Rehab Partners is the alter ego of Defendant Vern Haugen and that Defendant Rehab Partners' corporate veil has been pierced so

as to make Defendants jointly and severally liable or, in the alternative, to make Defendant Vern Haugen, vicariously liable for the acts and omissions of Defendant Rehab Partners.

B.     Declare that Rehab Partners and Defendant Vern Haugen violated Karen's rights under FLSA, Arizona's Wage Statute, the AEPA, breach of contract and breached the covenant of good faith and fair dealing.

C.     For a declaration that Scottsdale Detox violated her rights under FLSA, Arizona's Wage Statute, the AEPA, and breach of contract and covenant of good faith and fair dealing;

D.     For a declaration that Scottsdale Modern Detox, LLC and The Hope House Holdings, violated her rights under FLSA, Arizona's Wage Statute, the AEPA, and breach of contract and breached the covenant of good faith and fair dealing;

E.     For just and reasonable compensation for her injuries, including lost wages, emotional distress damages, and all appropriate compensatory and punitive damages;

F.     For a judgment for her for all overtime wages due against all Defendants;

G.     For a judgment for her against Defendants for unpaid compensation, and three times the amount of the unpaid compensation

H.     For a judgment for her for liquidated damages against all Defendants;

I.     For pre-judgment and post-judgment interest on the above amounts at the highest legal rate paid to her;

J.     For an order awarding her reasonable attorneys' fees against Defendants;

K.     For all costs of suit;

HOUK LAW FIRM, PLLC
1850 N. Central Ave., Ste. 2010, Phoenix, AZ 85004
Telephone: 480.569.2377 -  Fax:  480.569.2379

L.    For injunctive relief, designed to prevent and remedy past unlawful acts and enjoin Defendants from engaging in future unlawful acts;

M.    For all relief available under all causes of action asserted and those that could be asserted; and

N.    For such other and further relief as is proper and just.

Respectfully submitted this 4th day of January 2024.

**HOUK LAW FIRM, PLLC**

By /s/ Christopher R. Houk
Christopher R. Houk
*Attorney for Plaintiff*

HOUK LAW FIRM, PLLC
1850 N. Central Ave., Ste. 2010, Phoenix, AZ 85004
Telephone: 480.569.2377 - Fax:  480.569.2379